UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| HAIDER SALAH ABDULRAZZAK,<br><br>Petitioner,<br><br>vs.<br><br>BRENT FLUKE, WARDEN AT MIKE DURFEE STATE PRISON, AND ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 4:19-CV-04025-RAL<br>4:19-CV-04075-RAL<br><br><br>OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR RECONSIDERATION AND GRANTING PETITIONER'S MOTIONS TO APPEAL WITHOUT REPAYMENT OF FEES |

Petitioner, Haider Salah Abdulrazzak, (Abdulrazzak) filed petitions under 28 U.S.C. § 2254 in two separate cases. 19-CV-4025, Doc. 1; 19-CV-4075, Doc. 1. This Court granted the respondents' motions to dismiss and entered judgments in favor of the respondents. 19-CV-4025, Docs. 17 and 18; 19-CV-4075, Docs. 16 and 17. Abdulrazzak now has filed motions for reconsideration, notices of appeal, and motions to appeal without repayment of fees in both cases. 19-CV-4025, Docs. 19, 20, 21; 19-CV-4075, Docs. 18, 19, 20.

I. **Motions for Reconsideration**[1]

A district court's decision on a motion for reconsideration rests within its discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present

---

[1] This Court does not construe Abdulrazzak's motions for reconsideration under Fed. R. Civ. P 60(b) as successive habeas petitions.

newly discovered evidence." Id. at 414. The Federal Rules provide the following regarding grounds for relief from an order:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In his motions, Abdulrazzak asks for reconsideration because this Court addressed his two separate habeas claims in one opinion and order. 19-CV-4025, Doc. 19 at 1; 19-CV-4075, Doc. 18 at 1. Abdulrazzak makes no argument that fits any of the grounds for relief from an order under Fed. R. Civ. P. 60(b). Id. Rather, Abdulrazzak claims that the "two cases required tow [sic] different standard[s] of review and could prejudice Petitioner." Id. at 2. This Court analyzed Abdulrazzak's habeas petitions in 19-CV-04025 and 19-CV-04075 separately in its opinion and order. 19-CV-4025, Doc. 17; 19-CV-4075, Doc. 16.

This Court concluded that Abdulrazzak's claims in 19-CV-4075 were not exhausted and that his claims in 19-CV-4025 failed on the merits. This Court chose to address the motions to dismiss in a single opinion and order to have one comprehensive decision. Of course, the facts in Abdulrazzak's cases overlapped, as did the legal standards. For instance, exhaustion in state court is required for all habeas petitions. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (State court must be given the first opportunity to hear a claim.). Abdulrazzak has not shown sufficient grounds for relief regarding this Court's opinion and order addressing his two cases in one decision.

2

Next, Abdulrazzak argues that he did not obtain the full records or transcripts. 19-CV-4025, Doc. 19 at 2-3; 19-CV-4075, Doc. 19 at 2-3. He cites 28 U.S.C. §§ 2247 and 2249 claiming that he did not receive the habeas transcripts and thus "could not submit a brief on the contrary to clearly establish federal law[.]" Id. Section 2247 makes "transcripts of proceedings upon arraignment, plea and sentence and a transcript of the oral testimony introduced on any previous application by or in behalf of the same petitioner" admissible as evidence. Further, 28 U.S.C. § 2249 requires that certified copies of the indictment, plea and judgment be filed with the court. These transcripts and copies were provided to Abdulrazzak. See 19-CV-4025, Docs. 1 and 9; 19-CV-4075, Docs. 1 and 8. Additionally, on May 20, 2019, this Court received the state trial court records from the Minnehaha County Clerk of Courts. This Court also received transcripts for the bond hearing, pretrial conference, jury trial, and sentencing on May 23, 2019. These transcripts were used and cited to in this Court's opinion and order addressing the merits of Abdulrazzak's claims in 19-CV-4025 and in discussing the lack of exhaustion of claims in 19-CV-4075. 19-CV-4025, Doc. 17; 19-CV-4075, Doc. 18. Abdulrazzak has not shown sufficient grounds for relief on this matter.

Abdulrazzak's final argument in his motion filed in 19-CV-4025 asserts that this Court ruled on his claims without transcripts and did not read his petitions. 19-CV-4025, Doc. 19 at 5. Specifically, he alludes to over 90 grounds for relief requested in exhibits to his petition in his first filed case. See 19-CV-4025, Doc. 1. This Court did not address these claims because Abdulrazzak had only exhausted the first four claims in his state habeas petition. 19-CV-4025, Doc. 17 at 10. State exhaustion is required, thus, only the four exhausted claims were analyzed. O' Sullivan, 526 U.S. at 842; 19-CV-4025, Doc. 17. Abdulrazzak's motions for reconsideration

are unsupported by the record and he has not established grounds for relief under Fed. R. Civ. P. 60(b). Thus, Abdulrazzak's motions for reconsideration are denied.

**II.     Motions to Appeal without Prepayment of Fees**

Abdulrazzak has filed notices of appeal and motions to appeal without prepayment of fees, with his prisoner trust account. 19-CV-4025, Docs. 20, 21 and 22; 19-CV-4075, Docs. 19, 20, and 21. The Eighth Circuit historically has looked to district courts to rule on in forma pauperis motions for appeal and has held that the filing-fee provisions of the PLRA do not apply to habeas corpus actions. Malave v. Hedrick, 271 F.3d 1139, 1140 (8th Cir. 2001). To determine whether a habeas petitioner qualifies for in forma pauperis status, the court need only assess (1) whether the petitioner can afford to pay the full filing fee, and (2) whether the petitioner's appeal is taken in "good faith." 28 U.S.C. § 1915(a)(1), (3).

Abdulrazzak's prisoner trust account report indicates that he has average monthly deposits to his prisoner trust account of $77.42 and an average monthly balance of $59.13. 19-CV-4025, Docket 22. Abdulrazzak's appeals, though arguably misguided, appear to be taken in good faith. Abdulrazzak has insufficient funds to pay the $505.00 appellate filing fees, so his motions for leave to proceed in forma pauperis on appeal are granted.

**III.     Order**

Accordingly, it is

ORDERED that Abdulrazzak's motions for reconsideration--19-CV-4025, Doc. 19; and 19-CV-4075, Doc. 18--are denied. It is further

ORDERED that Abdulrazzak's motions to appeal without repayment of fees--19-CV-4025, Doc. 21; and 19-CV-4075, Doc. 20--are granted. The appellate filing fees are waived.

DATED this 12th day of December, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE